Eastern District of Kentucky
FILED

FEB 2 2 2011

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 10-8-HRW

PATRICIA CARSON,                                                PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on December 5, 2006, alleging disability beginning on February 14, 2000, due to diabetes. This application was denied initially and on reconsideration. On May 27, 2009, an administrative hearing was conducted by Administrative Law Judge Deborah Smith (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel,

testified. At the hearing, George Parsons, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 30, 2009, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 53 years old at the time of the hearing decision. She has a

an eight grade education with a limited ability to read and write. Her past work consists of work as an assembler, sorter, picker and packer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that although Plaintiff has the medically determinable impairments of mild borderline intellectual functioning, depressive disorder, diabetes mellitus II, back pain and headaches, he concluded that none were "severe" within the meaning of the Regulations (Tr. 19-24).

The ALJ made additional, alternative findings. At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24-25). In doing so, the ALJ specifically considered listings 12.04 and 12.05.

The ALJ further found that Plaintiff could perform her past relevant work as an assembler (Tr. 26).

She also determined that Plaintiff has the residual functional capacity ("RFC") to perform light work which is simple, routine and repetitive and which does not require strict production requirements or contact with the general public (Tr. 25-26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 2, 3,4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 5, 2009 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 13] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly concluded that Plaintiff has no "severe" impairments, (2) the ALJ improperly concluded Plaintiff does not meet Listing 12.05C and (3) the ALJ did not properly apply the "grids."

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly concluded that Plaintiff has no "severe" impairments. She specifically contends that her mental impairments are "severe."

The ALJ found otherwise, specifically noting the lack of any treatment in this regard during the relevant period of adjudication. The only indication of any

mental impairment is the fact that Plaintiff took medication for depression, prescribed by her general care center. This, as the ALJ, is not indicative if a *disabling* impairment.

The ALJ also discussed the January 19, 2007 consultative psychological examination conducted by Dr. Mark Kroger. He assessed Plaintiff with mild to moderate mental limitations (Tr. 212-219). However, his opinion was given little weight because he noted that Plaintiff gave up on tasks easily and tended to exaggerate her symptoms (Tr. 214, 217). These factors, obviously, detract from his findings.

In addition, Dr. Kroger's opinion is at odds with other evidence in the record. For example, the record reveals that Plaintiff has supervised others in the workplace and worked for various temporary services, thus exhibiting at least some ability to adapt to changes in the workplace and carry out instructions.

Moreover, whatever mental impairment exists, the ALJ incorporated limitations in that regard in the RFC.

The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs*

*v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863. The record is devoid of any credible evidence which suggests that Plaintiff suffered from a disabling mental impairment.

Plaintiff's second claim of error is that the ALJ improperly concluded Plaintiff does not meet Listing 12.05C.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at \*\*2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .

In this case, Plaintiff argues that she has the severity requirements set forth in Subpart C, which requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

In order to fall within Listing 12.05, Plaintiff must first show that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which "initially manifested during the developmental period."

In his assessment, referenced *supra*, Dr. Kroger administered the WAIS-II and WRAT-3 tests (Tr. 215-216). Her scores, according to Dr. Kroger, fell within the mildly retarded range of intellectual development (Tr. 215).
However, Dr. Kroger did not expressly comment on the validity of Plaintiff's IQ scores. This, coupled with his observation that Plaintiff tended to exaggerate her symptoms, undermine any findings in this regard.

Finally, Plaintiff contends that the VE's response to the hypothetical on cross-examination is more accurate and should be considered substantial evidence of disability.

The Court is not persuaded. Plaintiff's argument appears to be based upon her dissatisfaction with the ALJ's decision, nothing more. It is axiomatic that the hypothetical question is proper where it accurately describes a claimant's

functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __16__ day of February, 2011.

_/s/ signature_
Henry R. Wilhoit, Jr., Senior Judge